UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TERRY FINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:16-CV-683-TAV-CCS |
| | ) |
| ANDERSON COUNTY | ) |
| DETENTION FACILITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

This Court is in receipt of a pro se Complaint under 42 U.S.C. § 1983 [Doc. 2] and an application for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the application for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $400.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion [Doc. 1] will be **GRANTED**[1].

**I.  Screening Requirement**

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal

---

[1] Since Plaintiff is no longer incarcerated, no filing fee is assessed.

pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

## II.    Plaintiff's Allegations

Plaintiff alleges that her prior case was "not fairly heard" [Doc. 2 p. 1]. She claims that "a true and complete misunderstanding" of the judicial process occurred [*Id.*]. She believed the Court would "argue her case" and that she would be called to the witness stand to give testimony [*Id.*]. Plaintiff stated that she was "totally confused" when neither took place [*Id.*]. At the time of her trial in October of 2010 where Plaintiff appeared pro se, Plaintiff claims that she was unprepared and inexperienced [*Id.*]. Now, however, Plaintiff claims to have learned "common law" [*Id.*].

2

Case 3:16-cv-00683-TAV-CCS   Document 4   Filed 01/09/17   Page 2 of 5   PageID #: 19

Along with monetary compensation for Defendant's wrongdoing alleged in her previous § 1983 complaint filed in 2009, Plaintiff also requests that a new jury trial take place.

### III. Analysis

To set forth a cognizable § 1983 claim, Plaintiff must establish that (1) she was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names Anderson County Detention Facility as the sole defendant in this action. The Court finds that Anderson County Detention Facility is not a "person" subject to suit under § 1983. Rather, Anderson County Detention Facility is a building which serves as a place for confinement for those in custody. *See Monell v. N.Y.C. Dep't of Soc. Serv.*, 436 U.S. 658, 689–90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983"). The Sixth Circuit, this Court, and other courts in this circuit, have so held. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Russell v. Juvenile Court of Kingsport, Tenn.*, No. 2:15-CV-13, 2015 WL 3506523, at *4 (E.D. Tenn. June 3, 2015); *Brinkley v. Loftis*, No. 3:11-CV-1158, 2012 WL 2370106, at *3 (M.D. Tenn. June 22, 2012); *Seals v. Grainger*

*Cnty. Jail*, No. 3:04-CV-606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005). Thus, the Court finds that Plaintiff's claims against Anderson County Detention Facility are subject to summary dismissal under § 1915(e).

Although naming Anderson County Detention Facility in the style of the complaint, when asked to fill in the pre-printed form for filing suit under § 1983, Plaintiff named as defendants "Deputy Brian Hubbard, co Long, co Jade Fritz, co Lumley, co Daridson, co Richard Parker, co Lynn Poluga" [Doc. 2 p. 2]. Even liberally construing Plaintiff's complaint to name the above individuals as defendants, the Court concludes that Plaintiff's claims fail to state a claim upon which relief may be granted.

Plaintiff failed to mentioned any of the above named people in the substance of her complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to her injuries."). Thus, even if Plaintiff had named "Deputy Brian Hubbard, co Long, co Jade Fritz, co Lumley, co Daridson, co Richard Parker, co Lynn Poluga" as defendants in this matter, they would be

4

dismissed for failure to state a claim upon which relief may be granted. As such, any claims against them will be dismissed.

IV. **Conclusion**

The Court finds that no persuasive reason has been posited as to any constitutional violation due to Plaintiff's misunderstanding that by denying her counsel, the Court itself would argue Plaintiff's case, nor that Plaintiff would be called to the witness stand. In light of the above analysis, the Court finds that Plaintiff's application to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**. However, because Plaintiff's contentions fail to state a § 1983 claim, this case will be **DISMISSED** *sua sponte* in its entirety under 29 U.S.C. § 1915(e)(2)(B)(ii). The Clerk will be **DIRECTED** to close this case.

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE